IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDWARD R. WILSON and SELMA M. WILSON, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 1:14-cv-03540-CC-GGB |
| NATIONSTAR MORTGAGE, LLC, SUNTRUST MORTGAGE, INC. and MCCALLA RAYMER, LLC, | ) ) ) ) | |
| Defendants. | | |

**DEFENDANT NATIONSTAR MORTGAGE, LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Nationstar Mortgage, LLC ("Nationstar") hereby files this Motion to Dismiss Plaintiffs Edward R. Wilson and Selma M. Wilson ("Plaintiffs") Complaint showing the Court as follows:

**I.   INTRODUCTION**

Plaintiffs bring this lawsuit in an attempt to stop the foreclosure of 3128 Abbey Drive, Atlanta, Georgia 30331 (the "Subject Property"). Plaintiffs assert the following claims against Nationstar: (1) surprise, (2) Georgia RICO, (3) Fair Debt

Collection Practices Act ("FDCPA") violation), (4) Georgia Fair Business Practices Act ("GFBPA" or "FBPA"), and (5) trespass.[1]

The basis of Plaintiffs claims is unclear. Plaintiffs allege that they received a Chapter 7 bankruptcy discharge and that they were unable to reaffirm the debt on the Subject Property. Compl. at ¶¶ 8, 9. Plaintiffs' Chapter 7 bankruptcy discharge clearly informed them that "a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged." *See In Re Edward R. Wilson*, No. 08-61185-pwb, at [Doc. 20] at 2. Plaintiffs received the Chapter 7 discharge in May 2008, over four (4) years ago. Plaintiffs now bring claims in an effort to stop a non-judicial foreclosure on Plaintiffs' property. For the reasons discussed below, Plaintiffs' Complaint should be dismissed.

---

[1] Portions of Plaintiffs' Complaint are identical to two Complaints filed against Nationstar by other litigants in state court. *See* Complaints filed in *Serge Charles v. Nationstar Mortgage, LLC*, 2013CV237034, Fulton County Superior Court and *Edwina Uzzle v. Nationstar Mortgage, LLC*, 2014CV2320-10, DeKalb County Superior Court attached hereto as **Exhibit A** and **Exhibit B.** Using a form pleading that is nearly identical to other pleadings diminishes what limited credibility Plaintiffs' Complaint may have. *See, e.g., Morton v. Suntrust Mortg., Inc.*, No. 1:10-cv-2594-TWT-RGV, 2010 WL 5055822, at *4 (N.D. Ga. Nov. 5, 2010).

## II.   ARGUMENT AND CITATION TO AUTHORITY

### A. Motion to Dismiss Standard

A Rule 12(b)(6) motion to dismiss may be granted when a plaintiff fails to comply with notice pleading requirements. *See Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985). Federal Rule of Civil Procedure 8 requires a complaint to contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2). To comply with Rule 8, a complaint must provide "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1352 (11th Cir. 2005) (internal quotations omitted). While notice pleadings do not require a plaintiff to allege specific facts "to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all of the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (internal quotations omitted).

To avoid Rule 12(b)(6) dismissal, the Supreme Court has held that a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). While the Court must take the allegations pleaded in Plaintiffs' Complaint as true, the Court is not required to accept as true Plaintiffs' unwarranted deductions of fact or Plaintiffs' legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *see also Oxford Asset Mgmt. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002) (finding the court is not required to accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts").

### B. Plaintiffs' Complaint is a shotgun pleading and should be dismissed.

Plaintiffs' Complaint is a "shotgun" pleading and should be dismissed on that basis alone. "A shotgun pleading 'incorporates every antecedent allegation by reference into each subsequent claim for relief or affirmative defense.'" *Frantz v. Walled*, 513 Fed. Appx. 815, 820 (11th Cir. 2013) (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (internal alterations omitted)). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." *Id.* (citing *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008)). "This is because, from a shotgun pleading, 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Id.* (quoting *Anderson v. Dist. Bd. Of Trs. Of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)) (alterations in original).

Plaintiffs' Complaint contains claims with little factual support and unexplained legal citation. Plaintiffs fail to identify which claims are against which Defendants, and fail to connect their conclusory statements of Nationstar's legal violations to specific factual allegations. It is impossible to determine exactly what claims Plaintiffs are asserting against Nationstar. The Complaint "fail[s] to link factual allegations to specific counts makes it a quintessential shotgun pleading. As such, it does not comply with Rule 8(a)…." *Frantz*, 513 Fed. Appx. at 821.

### C. Plaintiffs' "surprise" claim fails.

Plaintiffs' surprise claim is based on alleged fraudulent conduct by Nationstar. *See* Compl. at ¶¶ 19, 20. O.C.G.A. § 23-2-54 provides that

> Anything which happens without the agency or fault of the party affected by it, tending to disturb and confuse his judgment or to mislead him, of which the opposite party takes an undue advantage, is in equity a surprise and is a form of fraud for which relief is granted.

Because Plaintiffs' surprise claim is based on fraud, Plaintiff's surprise claim must comport with the heightened pleading standards of O.C.G.A. § 9-11-9(b) and Fed. R. Civ. P. 9, which requires that the circumstances constituting fraud or mistake shall be stated with particularity. *See also Dockens v. Runkle Consulting, Inc.*, 285 Ga. App. 896, 900 (2007) ("O.C.G.A. § 9-11-9(b) requires that all allegations of fraud must be made with particularity and not averred generally. Notice pleading is the rule in Georgia, and under O.C.G.A. § 9-11-9(b), allegations of

fraud must be pled with particularity. It is well settled that a general allegation of fraud amounts to nothing-it is necessary that the complainant show, by specifications, wherein the fraud consists. Issuable facts must be charged."); *Albert v. Citimortgage, Inc.*, No. 1:10-CV-03238-RWS, 2011 WL 1085148, at * 2 (N.D. Ga. March 21, 2011) (subjecting surprise claim to heightened pleading standards of Federal Rule of Civil Procedure 9(b)).

Plaintiffs' surprise claim fails to comply with the heightened pleading standards set forth in O.C.G.A. § 9-11-9(b) and Fed. R. Civ. P. 9(b). Plaintiffs' Complaint does not state precisely what statements were made or the contents of the statements. Further, the Complaint does not plead who specifically made the alleged misrepresentation or when the statements occurred. Plaintiffs' surprise claim is merely conclusory and does not provide sufficient facts to satisfy the heightened pleading requirements. Plaintiffs do not state their surprise claim with "particularity," and Plaintiffs do not give Nationstar notice of the basis of their surprise claim. Accordingly, Plaintiffs' surprise claim should be dismissed

### D. Plaintiffs' Georgia RICO claim fails.

Plaintiffs fail to allege facts sufficient to support a Georgia RICO claim. To assert a civil claim based upon the RICO statute, a plaintiff must show that the defendants violated or conspired to violate the RICO statute; that as a result of this

conduct, the plaintiff has suffered injury; and that the defendant's violation of or conspiracy to violate the RICO statute was the proximate cause of the injury. *Cox v. Mayan Lagoon Estates, Ltd.,* 319 Ga. App. 101, 109 (2012). To satisfy the proximate cause element, plaintiffs must allege that the injury flowed directly from at least one predicate act. *Wylie v. Denton*, 323 Ga. App. 161, 166 (2013) (trial court erred when denying motion to dismiss plaintiff's RICO claim because plaintiff's allegations did not satisfy the RICO proximate cause requirement). "Thus, to survive a motion to dismiss, a plaintiff asserting a RICO claim must allege more than an act of racketeering occurred and that she was insured. Rather, she must show that her injury was the direct result of a predicate act targeted toward her, such that she was the intended victim." *Id.*

Here, Plaintiffs allege the following predicate acts in furtherance of the Georgia RICO violation: theft by deception, wire fraud, mail fraud, and filing a false deed. *See* Compl. at ¶¶ 27, 28.  Plaintiffs do not allege that any specific injury caused by these alleged acts, nor do they allege the manner in which these predicate acts proximately caused any specific injury.  Plaintiffs provide virtually no factual allegations to support their Georgia RICO claim, and consequently, Plaintiffs' Georgia RICO claim is not plausible. *See, e.g., Albert*, 2011 WL 1085148, at * 3; *Harden v. JP Mortgage Chase Bank, N.A.*, No. 1:13-CV-03535-

RWS, 2014 WL 836013, at * 6 (N.D. Ga. March 4, 2014) ("Plaintiff makes wholly conclusory allegations and does not support these allegations with specific facts establishing any elements of RICO. As such, Plaintiffs' RICO claim fails."). Accordingly, Plaintiffs' Georgia RICO claim should be dismissed.

### E. Plaintiffs' Fair Debt Collection Practices Act claim fails.

The FDCPA only applies to debt collectors and debt collection activity. Plaintiffs make conclusory allegations regarding Nationstar's alleged violations of various provisions of the FDCPA. *See* Compl. at ¶¶ 41, 42. Plaintiffs ***allege no facts*** supporting any of the alleged violations, and Plaintiffs appear to merely list various FDCPA provisions. *See* Compl. at ¶ 42. It is unclear which Defendant Plaintiffs contend violated the FDCPA. Plaintiffs have failed to state an FDCPA claim.

    1.   <u>Plaintiffs' FDCPA claims may be barred by the statute of limitations.</u>

First, based on the allegations of the Complaint, it is unclear when Nationstar (or another Defendant) committed these alleged violations. To the extent Plaintiffs base their FDCPA claim on any conduct that occurred prior to October 1, 2013; such claims are barred by the FDCPA's one year statute of limitations. *See* 15 U.S.C. § 1692k(d); *see also Boone v. JP Morgan Chase Bank*, 447 Fed. Appx. 961, 965 (11th Cir. 2011). "The limitations period begins to run

on an FDCPA claim on the date of an alleged violation, not on the date it was discovered." *Baxter v. Johnson & Freedman, LLC*, No. 1:11-CV-01880-CC-RGV, 2012 WL 2921799, at * 5 (N.D. Ga. May 10, 2012).

    2.    <u>Plaintiffs have not alleged that Nationstar is a debt collector.</u>

Plaintiffs have not plausibly alleged that Nationstar is a debt collector. Nationstar is a mortgage loan servicer. Creditors or mortgage servicers are generally not considered debt collectors under the FDCPA. *Watkins v. Beneficial, HSBC Mortg.,* No. 1:10-cv-1999-TWT-RGV, 2010 WL 4318898, at *2 (quoting *Humphrey v. Wash. Mut. Bank, F.A.,* No. 1:06-cv-1367 -JOF, 2007 WL 1630639, at *2 (N.D. Ga. June 1, 2007)). Further, the FDCPA specifically exempts from the definition of debt collector "any person collecting or attempting to collect a debt owed or due ... another to the extent such activity ... (iii) concerns a debt which was not in default at the time it was obtained by such person."  15 U.S.C. § 1692a(6)(F). "This exclusion has been interpreted by courts to mean that mortgage servicers are not covered by the FDCPA if they began servicing the loan at a time when it was not in default." *Stroman v. Bank of America Corp.*, 852 F. Supp. 2d 1366, 1375 (N.D. Ga. 2012). Plaintiffs do not contend that they were in default on their loan obligations at the time Nationstar began servicing the loan, and

therefore, have not alleged that Nationstar is a debt collector subject to the FDCPA.

### 3. Nationstar was not engaged in debt collection activity.

Even had Plaintiffs alleged sufficient facts showing that Nationstar was a debt collector, Nationstar was not engaged in debt collection activity when it initiated foreclosure proceedings against Plaintiffs' property and did not violate the §1692d, §1692e, and/or § 1692g. The Eleventh Circuit in *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012), held that in order for an enforcer of a security interest, like Nationstar, to be held liable under the FDCPA, the entity's "activity" must be both enforcing a security interest and collecting a debt to constitute debt collection activity[2]. *Reese,* 678 F.3d at 1218.  Any action by Nationstar with regard alleged efforts to foreclose on the property was only enforcing its security interest and is not considered debt collection activity and, therefore, does not form the basis for a violation of 15 U.S.C. §§ 1692d, 1692e,

---

[2] As a result of the Plaintiffs' Chapter 7 discharge, Nationstar is prohibited by the discharge injunction of 11 U.S.C. § 524 from collection of the amount owed on the loan from Plaintiffs, and Plaintiffs do not contend that Nationstar violated the Chapter 7 discharge by trying to collect any debt owed by Plaintiffs. Nationstar has only attempted to conduct a non-judicial foreclosure and enforce its security interest. Nationstar does not – and cannot – collect any amounts owed by Plaintiffs on the loan because of the Chapter 7 discharge.

and 1692g.  *See Brown v. SunTrust Bank*, No. 2:14-CV-0014-RWS-JSA, 2014 WL 4925719, at * 16 (N.D. Ga. Sept. 30, 2014) (citing *Warren v. Countrywide Homes, Inc.*, 342 Fed. Appx. 458, 460 (11th Cir. 2009) ("the plain language of the FDCPA supports the district court's conclusion that foreclosing on a security interest is not debt collection activity for purposes of § 1692g" and "an enforcer of a security interest, such as a mortgage company foreclosing on mortgages of real property ... falls outside the ambit of the FDCPA except for the provisions of section 1692f(6)" (internal citations omitted)); *see also Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1360 (M.D. Fla. 2007) (holding that a mortgage foreclosure action does not qualify as "debt collection" under the FDCPA because "'foreclosing ... is an entirely different path.  Payment of funds is not the object of the foreclosure action.'") (quoting *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)).

    4.   <u>Plaintiffs fail to allege facts to support a violation of 15 U.S.C. § 1692(f).</u>

Plaintiffs also summarily contend that Nationstar has violated 15 U.S.C. § 1692(f). While Nationstar may qualify as a debt collector for purposes of 15 U.S.C. § 1692(f), Plaintiffs fail to allege any facts to support that Nationstar does not have a present right to possession of the Property. The recorded Security Deed and Assignment evidence Nationstar's right to possess the property. *See* March 15,

2007 Security Deed and December 10, 2010 Assignment, attached hereto as **Exhibit C** and **Exhibit D**.  "Where there is an enforceable security interest shown by public records, dismissal of § 1692f(6) claim is appropriate." *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1347 (N.D. Ga. 2013) (internal citations and quotations omitted). Plaintiffs have failed to allege facts to support any violation of 15 U.S.C. § 1692(f) by Nationstar, and therefore, this claim should be dismissed. *See, e.g., Fenello v. Bank of America, N.A.*, 926 F. Supp. 2d 1342, 1352 (N.D. Ga. 2013).

## F.  Plaintiffs' Georgia Fair Business Practices Act claim fails.

Plaintiffs attempt to assert a claim against Nationstar for violation of Georgia's Fair Business Practices Act of 1975, O.C.G.A. § 10-1-390 *et seq.*, arising from "Defendants" allegedly unlawful business practices. Similar to Plaintiffs' FDCPA claim, Plaintiffs do not identify which Defendant this claim is asserted against, and Plaintiffs merely state legal conclusions in support of the claim. Plaintiffs' FBPA claim should be dismissed.

The FBPA does not apply to private mortgage transactions. *See Caselli v. PHH Mortg. Co.*, No. 1:11-CV-2418-RWS, 2012 WL 1231027, at * 6 (N.D. Ga. Jan. 13, 2012) ("As residential mortgage are excluded from the Georgia FBPA, Plaintiff's Georgia FBPA claim is dismissed.") (emphasis omitted); *Sloan-Little v.*

*Bank of Am.*, No. 1:11-CV-2313-TWT-ECS, 2011 WL 7166995, at * 3 (N.D. Ga. Dec. 28, 2011) ("As Defendant observes, the GFBPA 'does not apply in extensively regulated areas, such as ... required disclosures by lenders' or in 'residential mortgage transactions.' ) (internal citations omitted); *In re Salvador*, 456 B.R. 610, 614 (Bankr. M.D. Ga. 2011) ("Because mortgage transactions are regulated by TILA, RESPA, and the Georgia Residential Mortgage Act, the FBPA does not apply to residential mortgage transactions); *Jackman v. Hasty*, 1:10-CV-2485-RWS, 2011 WL 854878, at * 6 (N.D. Ga. March 8, 2011); *Figuero v. JP Morgan Chase Bank, N.A.*, No. 1:09-CV-1874-RWS, 2010 WL 4117032, at * 5 (N.D. Ga. Oct. 7, 2010) ("Therefore, the FBPA does not apply to residential mortgage transactions."); *Zinn v. GMAC Mortg.*, No. 1:05-CV-01747-MSH, 2006 WL 418437, at * 4 (N.D. Ga. Feb 21, 2006); *see also Pace v. Citimortgage, Inc.*, No. 4:12-CV-127-CDL, 2013 WL 55825, at * 5 (M.D. Ga. Jan. 3, 2013).[3]

Further, "the GFBPA also does not apply to [Plaintiffs'] transactions because the alleged violation did not affect the consuming public generally." *Zinn v. GMAC Mortg,* 2006 WL 418437, at * 4; *see also Sloan-Little*, 2011 WL

---

[3] Plaintiffs cite *1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457 (2007) to support their FBPA claim. In *Werner*, a collection agency sued a debtor to collect debt for medical services. *Werner*, 288 Ga. App. at 257. Debtor counterclaimed with an FBPA claim against the collection agency. *Id.* This case is inapposite to Plaintiffs' claim involving a residential mortgage transaction.

7166995, at * 4 (Even if the GFBPA did apply, Plaintiff "has asserted no facts which show that any other member of the consuming public was harmed by the defendants' alleged practices and acts…"); *Lynas v. Williams,* 216 Ga. App. 434, 436 (1995) (the GFBPA does not encompass suits based upon allegedly deceptive or unfair acts or practices which occur in an essentially private transaction). Plaintiffs have asserted no facts which show that any other member of the consuming public was harmed by Nationstar's alleged practices and acts. Therefore, because the alleged damage only impacted plaintiff, plaintiff may not proceed for relief under the FBPA. *See Lynas,* 216 Ga. App. at 436; *Zinn v. GMAC Mortg,* 2006 WL 418437, at * 4. Plaintiffs' FBPA claim fails because the FBPA does not apply to Plaintiffs' residential loan transaction and because any alleged violation by Nationstar did not affect the consuming public generally.

### G. Plaintiffs' trespass claim fails.

Under Georgia law, a trespass is "a wrongful interference with the right to the exclusive use and benefit of a property right." *Bishop Eddie Long Ministries, Inc. v. Dillard*, 272 Ga. App. 894, 901 (2005); *see also* O.C.G.A. § 51-9-1 ("The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie."). "A person commits a trespass when he knowingly and

without authority ent[ers] upon the land of another after having received prior notice that such entry is forbidden." *Pope v. Pulte Home Corp.*, 246 Ga. App. 120, 120 (2000).

Here, Plaintiffs do not allege Nationstar, or any representative of Nationstar, entered the property without permission to do so. Plaintiffs make no specific allegations as to how Plaintiffs were harmed by any alleged trespass. Plaintiffs allege no facts to support their "trespass" claim. Accordingly, Plaintiffs' trespass claim should be dismissed.

### H. Plaintiffs' are not entitled to attorneys' fees or punitive damages.

Plaintiffs do not allege facts sufficient to show they are entitled to expenses of litigation pursuant to O.C.G.A. § 13-6-11, because they have failed to plead how Nationstar "has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expenses" in defending Plaintiffs' meritless lawsuit.  *See* O.C.G.A. § 13-6-11; *D & H Const. Co. v. City of Woodstock*, 284 Ga. App. 314, 318 (2007) ("A refusal to pay in bad faith means a frivolous and unfounded denial of liability. Similarly, stubborn litigiousness, and causing the plaintiff unnecessary trouble and expense refer to a defendant's forcing of the plaintiff to sue where no bona fide controversy exists.") (internal citations and quotations omitted)).  Further, an award of attorneys' fees and expenses of

litigation under O.C.G.A. § 13-6-11 is ancillary, and a party may recover them only if it recovers on a substantive claim. *Lee v. Georgia Power*, 296 Ga. App. 719, 721 (2009); *Quantum Trading Corp. v. Forum Realty Corp.*, 278 Ga. App. 485, 490 (2006). Because Plaintiffs' underlying claims fail, their attorneys' fees claim relating to the costs of bringing this adversary proceeding similarly fail.

Similarly, because Plaintiffs' Complaint fails to state a substantive claim, it also fails to state a claim for punitive damages because entitlement to punitive damages is derivative of their substantive claims. *See J. Andrew Lunsford Props., LLC v. Davis*, 257 Ga. App. 720, 722 (2002). Plaintiffs' claims for punitive damages should be dismissed.

## III.   CONCLUSION

For the reasons outlined above, Nationstar's Motion to Dismiss should be granted and Plaintiffs' claims against Nationstar should be dismissed.

[Signature on following page]

Respectfully submitted this 10th day of November, 2014.

          **/s/ Christopher S. Anulewicz**
          Christopher S. Anulewicz
          Georgia Bar No. 020914
          E-mail: canulewicz@balch.com
          Geremy Gregory
          Georgia Bar No. 885342
          E-mail: ggregory@balch.com
          **BALCH & BINGHAM LLP**
          30 Ivan Allen Jr. Blvd. N.W., Suite 700
          Atlanta, GA 30308
          Telephone: (404) 261-6020
          Facsimile: (404) 261-3656

          ATTORNEYS FOR NATIONSTAR
          MORTGAGE, LLC

## CERTIFICATE OF COUNSEL REGARDING FONT SIZE

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(C) and 7.1(D).

This 10th day of November, 2014.

                                     **/s/Christopher S. Anulewicz**
                                     Christopher S. Anulewicz
                                     Georgia Bar No. 020914

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT NATIONSTAR MORTGAGE LLC'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT has been filed with the Clerk of Court using the CM/ECF system and served upon the following using the CM/ECF system, on this the 10th day of November, 2014:

| | |
|---|---|
| Brett C. Giordano | Ronald J. Stay |
| Steven J. Flynn | 303 Peachtree Street, N.E. |
| 900 Holcomb Woods Parkway | 2800 SunTrust Plaza |
| Roswell, Georgia 30076 | Atlanta, Georgia 30308 |
| Counsel for McCalla Raymer, LLC | Counsel for SunTrust Mortgage, Inc. |

I further certify that a copy of DEFENDANT NATIONSTAR MORTGAGE LLC'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT has been served upon the following via U.S. Mail, properly addressed and postage prepaid on this the 10th day of November, 2014:

Grady A. Roberts, III, Attorney
94 Howell Street, NE
Atlanta, GA 30312
Counsel for Plaintiff

/s/Christopher S. Anulewicz
Christopher S. Anulewicz
Georgia Bar No. 020914